**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 27, 2026

LETTER TO COUNSEL:

     RE:   *Angela O. v. Frank Bisignano, Commissioner of Social Security*[1]
           Civil No. TJS-24-3658

Dear Counsel:

On December 18, 2024, Plaintiff Angela O. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 11 & 19), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will remand the case for further proceedings. This letter explains my rationale.

Angela O. filed her application for DIB on May 4, 2021. Tr. 16, 165-68. She alleged a disability onset date of August 9, 2019. *Id.* Her application was denied initially and upon reconsideration. Tr. 16, 75-79, 81-84. She requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") on September 15, 2023. Tr. 31-59, 90. In a written decision dated November 20, 2023, the ALJ found that Angela O. was not disabled under the Social Security Act. Tr. 13-30. Angela O. now seeks review of the ALJ's decision.

The ALJ evaluated Angela O.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Angela O. had not engaged in substantial gainful activity from her alleged onset date of August 9, 2019, through her date last insured of September 30, 2021. Tr. 18. At step two, the ALJ found that, through the date last insured, Angela O. suffered from the following severe impairments: obesity, osteoarthritis, peripheral neuropathy, and degenerative disc disease of the lumbar spine. *Id.* At step three, the ALJ found that, through the date last insured, Angela O.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R.,

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19-21. The ALJ determined that, through the date last insured, Angela O. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour workday. She can stand and walk for 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ropes, ladders, or scaffolds. She can only occasionally be exposed to moving mechanical parts and unprotected heights.

Tr. 21.

At step four, the ALJ determined that, through the date last insured, Angela O. was capable of performing past relevant work as a medical biller and pharmacy technician. Tr. 24. Alternatively, at step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Angela O. could have performed, including polisher, addresser, and document preparer. Tr. 24-25. Accordingly, the ALJ found that, through the date last insured, Angela O. was not disabled under the Social Security Act. Tr. 25-26.

Angela O. argues that substantial evidence does not support the ALJ's decision (1) because the ALJ failed to evaluate properly the opinion of her treating physical therapist, Christopher Hoffman, under 20 C.F.R. § 404.1520c; and (2) because the ALJ failed to assess properly her mental impairments under 20 C.F.R. § 404.1520a. ECF No. 11.

An ALJ must consider the following five factors when evaluating the persuasiveness of medical opinions: "(1) supportability; (2) consistency; (3) a physician's relationship with the claimant; (4) a physician's specialization; and (5) other factors, like a physician's familiarity with the evidentiary record or their understanding of the SSA's policies and evidentiary requirements." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)). Supportability and consistency are the most important of these factors. *Id.* "Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)-(2)).

On May 10, 2022, after Angela O's date last insured, Christopher Hoffman performed a functional capacities evaluation of Angela O. Tr. 329-38, 341-47. The ALJ found "the opinion of Chris Hoffman unpersuasive. He opined that [Angela O.] can lift up to 10 pounds, stand for 10 minutes, and sit for 26 minutes. He opined that [Angela O.] cannot walk." Tr. 24 (citation omitted). The ALJ found that "[t]his opinion is unsupported by Mr. Hoffman's observations and is inconsistent with treating source objective evidence." *Id.*

Here, although Mr. Hoffman's opinion is dated after Angela O's date last insured, "medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability." *Wooldridge v.*

*Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). In evaluating Mr. Hoffman's opinion, the ALJ thus addressed the two most important factors for evaluating medical opinions, supportability and consistency. *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025). The ALJ's explanation of his consideration of the consistency factor, however, frustrates meaningful review. While ALJs are not required to discuss all relevant evidence, they must offer "a sufficient rationale in crediting certain evidence and discrediting other evidence." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023). The ALJ did not explain how Mr. Hoffman's opinion was inconsistent with "treating source objective evidence." *See, e.g.*, *Shane B. v. Bisignano*, Civil No. 24-3607-DRM, 2026 WL 369392, at *4-5 (D. Md. Feb. 10, 2026). It is not the Court's role "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (per curiam). Because the Court cannot meaningfully review the ALJ's consistency analysis, remand is warranted. *See Shane B.*, 2026 WL 369392, at *5; *accord Judy L. v. Bisignano*, Civil No. TJS-25-1771, 2026 WL 948960, at *3-4 (D. Md. Apr. 8, 2026).

The Court declines to address Angela O.'s alternative argument for remand and expresses no opinion on the ultimate issue of her disability.

For these reasons, pursuant to sentence four of 42 U.S.C.§ 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge

3